**K.D.I., INC., Petitioner,
Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent,
Cross-Petitioner.**

**Nos. 86–5884, 86–5967.**

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 1987.

---

Timothy K. Carroll (argued), Michael Lied, Dykema, Gossett, Spencer, Goodnow and Trigg, Detroit, Mich., for petitioner, cross-respondent.

Elliott Moore, Deputy Associate General Counsel, N.L.R.B., Washington, D.C., William R. Stewart, Harriet Lipkins (argued), Bernard Gottfired, N.L.R.B., Detroit, Mich., for respondent, cross-petitioner.

Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

PER CURIAM.

K.D.I., Inc., has petitioned for review of an order of the National Labor Relations Board directing it to bargain with the United Automobile, Aerospace and Agricultural Implement Workers of America, a union that the Board certified as the exclusive bargaining representative of certain K.D.I. employees following a representation election. The Board has filed a cross-application asking us for enforcement of its order. K.D.I. contends that the election was invalidated by union activity that violated the rule established in *NLRB v. Savair Manufacturing Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). The Board takes the opposite position. We agree with K.D.I., and we shall therefore grant the petition for review and deny the application for enforcement.

In *Savair* the Supreme Court held that the results of a representation election are void if the union has offered to waive initiation fees only for those employees who sign recognition cards prior to the representation election. 414 U.S. at 273–74, 276–78, 94 S.Ct. at 497, 498–99. The union may, however, offer to waive the initiation fee if the waiver is not conditioned on any employee's signing before the election. *NLRB v. First Union Management, Inc.*, 777 F.2d 330, 335 (6th Cir.1985).

The Board has held, and some courts have agreed, that a union may "cure" an improper offer of a waiver by a later statement clearly informing the employees that the initiation fee will be waived for all employees regardless of whether they sign before or after the election. See, *e.g.*, *Gulf Coast Automotive Warehouse Co., Inc., v. NLRB*, 588 F.2d 1096, 1099 (5th Cir.1979); *Regency Electronics, Inc. v. NLRB*, 523 F.2d 522, 526–27 (7th Cir.1975), *cert. denied*, 425 U.S. 907, 96 S.Ct. 1501, 47 L.Ed.2d 758 (1976). The question presented in the case at bar is whether such a cure was effected here.

The facts are relatively straightforward. In September of 1984 the union filed a petition for certification as the collective bargaining representative of the production and maintenance employees of K.D.I.'s Albion, Michigan, facility. The Board conducted an election on November 29, 1984, and a majority of the votes were cast in favor of union representation. K.D.I. then filed objections to the election, alleging that the union had violated the *Savair* rule by representing to employees during the election campaign that any employee who

signed a union membership card prior to the election would not be required to pay the union's initiation fee.

The Board held a hearing on these objections. Although the hearing officer found that representations violating *Savair* had been made, she concluded that a statement contained in a union "fact sheet" sent to the employees approximately one week before the election effectively "repudiated" the unlawful waiver. On this basis the hearing officer recommended that K.D.I.'s objection to the election be overruled. The Board rejected K.D.I.'s exceptions to the hearing officer's report and recommendation and issued a Certification of Representation.

In order to obtain judicial review of its objections to the election, K.D.I. refused to bargain with the union. The union then filed an unfair labor practice charge with the Board, and General Counsel for the Board filed a formal complaint. The Board granted General Counsel's motion for summary judgment and directed K.D.I. to bargain. K.D.I.'s petition for review and the Board's cross-application for enforcement followed.

██ The "fact sheet" mailed to bargaining unit employees shortly before the election contained a number of questions and answers about union policies, including the following:

> "Q. Will I be required to pay an initiation fee?
>
> A. It is the POLICY in Reg. 1C of the UAW to extend to ALL employees of an appropriate unit in the plant at the time of an N.L.R.B. election the opportunity to join the UAW WITHOUT paying an Initiation Fee. You WILL have this opportunity."

The Board contends that this statement made clear that the initiation fee would be waived whether a member of the bargaining unit signed up before the election or afterwards. We do not so read it. What the employees had been told by the union previously was that an employee who signed a membership card prior to the election would not have to pay an initiation fee if the union were voted in, but that an employee who had not signed prior to the

election would have to pay the fee. (One employee understood the initiation fee to be a "fine" levied for failure to sign the card prior to the election.) Several employees testified they were told they could save between $100 and $150 by signing a card before the election. An employee reading the fact sheet after having been told that the fee would be waived for him only if he signed before the election could hardly be expected to understand that the earlier advice was being repudiated; such an employee might very well have understood that the waiver offer extended to "ALL" employees, but would not remain open after the election.

Because the fact sheet did not clearly repudiate the earlier advice, we do not believe the *Savair* violation was cured under any possible view of the law. This disposition of the appeal makes it unnecessary for us to decide whether a clear repudiation would have been capable of effecting a cure.

The petition for review is GRANTED, the order of the Board is set aside, and the cross-application for enforcement is DENIED.